**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SoBroFoto LLC,

                    Plaintiff,

          v.                                          Case No:

McNeil Gray & Rice, Inc.,

                    Defendant.                        JURY TRIAL DEMAND

**COMPLAINT**

Plaintiff SoBroFoto LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant McNeil Gray & Rice, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.      Plaintiff created a photograph of the Shake Shack on East 86th street decorated for Christmas (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Defendant holds itself out as a business-to-business public relations company.

4.      Upon information and belief, Defendant provided the Photograph to designandbuildwithmetal.com (the "*Website*").as part of a press release.

5.      Defendant, without permission or authorization from Plaintiff, actively copied and distributed the Photograph to the Website, where it was displayed and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

1

6. SoBroFoto LLC is a New York Limited Liability Company and maintains its principal place of business in Nassau, New York.

7. Upon information and belief, defendant McNeil Gray & Rice, Inc., is a Massachusetts Corporation with a principal place of business at One Washington Mall, Boston in Suffolk County, Massachusetts.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On September 17, 2014 Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

16. Plaintiff published the Photograph by commercially licensing it to the New York

Post for the purpose of display and/or public distribution.

17.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18.     On October 4, 2017, the Photograph was registered by the USCO under Registration No. VA 2-071-907.

19.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

20.     Defendant provided the Photograph to the Website as part of a press release.

21.     Providing such press releases is a key component of Defendant's popular and lucrative commercial enterprise.

22.     Defendant profits from submitting such press releases to various websites including the Website.

23.     Upon information and belief, Defendant is a sophisticated public relations and media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

24.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their advertisements, posts, and press releases have been properly licensed.

25.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

26.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

3

27.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

28.     On or before August 26, 2019, without permission or authorization from Plaintiff, Defendant volitionally copied, stored, and distributed the Photograph to the Website. The Website then displayed the Photograph on the Website as part of an on-line advertisement at URL: https://designandbuildwithmetal.com/featured-content/2019/09/26/anodized-metal-enhances-image-for-trendy-restaurant's-high-profile-locations. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

29.     Upon information and belief, the Photograph was intentionally and volitionally copied and stored by Defendant before being sent to the Website. It was then intentionally volitionally stored at URL: https://designandbuildwithmetal.com/images/default-source/featured-articles/lorin-shake-shacks/shake-shack-1.jpg?sfvrsn=2fe286e0_2.

30.     The Infringement is an exact copy of Plaintiff's original image that was directly copied, stored, and distributed by Defendant.

31.     Plaintiff first observed the Infringement and Defendant's violation of the DMCA on March 2, 2023.

32.     On June 14, 2024, designandbuildwithmetal.com alerted Plaintiff's counsel that Defendant had supplied the Photograph.

33.     Upon information and belief, the Photograph was copied, stored, distributed and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

34.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35.     Upon information and belief, Defendant takes an active and pervasive role in the content supplied to the Website, including, but not limited to copying, posting, selecting,

commenting on and displaying images including but not limited to Plaintiff's Photograph.

36.    Upon information and belief, Defendant directly contributed to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Matthew Crone whose LinkedIn page lists him as a Public Relations Specialist with Defendant from 2018-2021. (the "*Employee*").

37.    Upon information and belief, at all material times the Employee was acting within the course and scope of their employment when they created and induced the Infringement.

38.    Upon information and belief, the Photograph was willfully and volitionally distributed to the Website by Defendant.

39.    Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

40.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

41.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

42.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website with regards to its press release and exercised and/or had the right and ability to exercise such right.

43.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44.    Upon information and belief, the Infringement increased traffic to the business for which the press release was for, and, in turn, caused Defendant to realize an increase in its future press releases.

45.    Upon information and belief, a large number of people have viewed unlawful

copies of the Photograph on the Website.

46.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47.    Defendant's use of the Photograph harmed the actual market for the Photograph.

48.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

49.    On June 17, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

50.    Thereafter, July 9, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

51.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

53.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

54.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

55.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

56.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

57.    Without permission or authorization from Plaintiff and in willful violation of

6

Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

58.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

59.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

60.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

61.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

62.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Contributory Copyright Infringement)*

63.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

64.     Defendant herein has caused, enabled, facilitated and materially contributed to the Infringement via its press release to the Website.

65.     Defendant has directly and indirectly promoted the Infringement and refused to

exercise its ability to stop the Infringement made possible by its distribution.

66.     Defendant had a continuing relationship with the individuals using the Website after distribution of the Infringement and, thus, Defendant's actions substantially contributed to the infringing activity. For example, upon information and belief, it was able to edit the press release by contacting the Website if desired.

67.     Defendant's actions show a relationship to the infringing activity beyond just mere operation of an internet business. For example, it copied, stored, distributed, and induced the Website to display and store the Infringement.

68.     Defendant is liable as a contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct.

69.     Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

70.     Upon information and belief, Defendant willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

71.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

72.     As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

73.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**THIRD COUNT**
*(Inducement of Copyright Infringement)*

74.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

75.     Defendant took affirmative steps to encourage and/or foster infringement. For example, Defendant encouraged infringement by providing the Photograph to the Website for a display which was not licensed.

76.     Users of the Website have been provided with the means and mechanisms through such Website to directly infringe and are directly infringing Plaintiff's copyrights, by, for example, creating unauthorized reproductions of Plaintiff's copyrighted works and displaying copies of such works in violation of Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501.

77.     Defendant has induced infringement by, for example, the press release to the Website to download and/or display the Photograph.

78.     Defendant's infringing conduct is and has been willful and in disregard of the rights of Plaintiff and has caused substantial damage to Plaintiff.

79.     Upon information and belief, Defendant willfully induced and infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that it used, posted, publicized, and otherwise displayed to the public for commercial benefit Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using the Photograph in the infringing article on the Website.

80.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

81.     As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of reasonable attorney's fees and costs pursuant to 17

U.S.C. § 505.

82. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### FOURTH COUNT
*(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

83. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

84. The Photograph as originally published in the New York Post contained a gutter credit attributing Angel Chevrest as the author of the work. Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

85. Defendant distributed the Infringement without CMI, as there was no credit provided to Angel Chevrest upon Defendant's display of the Photograph.

86. Upon information and belief, Defendant's distribution of containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

87. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal its infringement.

88. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

89. Defendant's conduct violates 17 U.S.C. § 1202(b).

90. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

91. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. §

10

1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

92.    As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

93.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.    for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

11

infringing use of any of Plaintiff's works;

f.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.      for pre-judgment interest as permitted by law; and

h.      for any other relief the Court deems just and proper.

DATED: July 2, 2026

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126685

*Attorneys for Plaintiff*

12